UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRUDY SILVER and PURA BARAKOS,

                              Plaintiffs,      **COMPLAINT**

     -against-

                                      **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
CAPTAIN ALLEN J. KIRMISS,
POLICE OFFICER L FELIX,
and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,

                              Defendants.
-------------------------------------------------------------X

       Plaintiffs Trudy Silver and Pura Barakos, by their attorney, Fred Lichtmacher of the Law Office of Fred Lichtmacher P.C., complaining of the Defendants herein, respectfully allege as follows:

       This civil rights action arises from Plaintiffs Trudy Silver and Pura Barakos women 71 years old and 80 years old respectively, having been subjected to excessive force by the Defendants, during a peaceful protest.

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to Plaintiffs by the Fourth Amendment to the Constitution of the United States brought pursuant to 42 U.S.C. § 1983, as well as pursuant to the New York City (NYC) Administrative Code § 8-802 et seq.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3 & 4).

4. Venue is appropriate pursuant to 28 U.S.C. §1391 (a) (1) (b) (1&2) because events forming the basis of this Complaint occurred within New York County.

5. This Court has supplemental jurisdiction to hear Plaintiffs' New York City Administrative Code claims pursuant to 28 U.S.C. §1367.

## PARTIES

6. At all times hereinafter mentioned, Plaintiffs Trudy Silver and Pura Barakos were residents of New York City, New York County and the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, Defendant the City of New York (hereinafter, "NYC") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, at all times hereinafter mentioned, Defendant NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department, hereinafter, the "NYPD".

9. Upon information and belief, at all times hereinafter mentioned, Defendants Captain Allen J. Kirmss, Police Officer Felix L, and Unidentified New York City Police Officers, were all acting as NYPD Officers and as state actors acting under color of law, and are sued herein in their individual capacities.

**NATURE OF THE CLAIM**

10. On October 7, 2024 at approximately 5:20 pm in the vicinity of 41st Street and 5th Avenue, the two Plaintiffs, along with several others, were participating in a peaceful protest related to the war in the middle east.

11. Seven protestors, including the Plaintiffs, walked down the steps of the New York Public

Library where others were protesting the events in Gaza.

12. As the Plaintiffs crossed 5th Avenue they blocked one lane and only one lane, on the eastern most side of 5th Avenue just south of 41st Street.

13. This path was chosen because the protestors knew that a group of marchers would soon intersect where they were, as that group marched west on 41st Street.

14. The Plaintiffs group was careful to not block the emergency and passing lane on the west side of 5th Avenue, which allowed cars traveling on the easterly lane to turn onto 41st Street.

15. The Plaintiffs' group sat down with their signs and were quickly joined by other marchers as they reached their location on 5th Avenue.

16. The police approached the Plaintiffs' group.

17. Captain Alan J Kirmss, with no warning, roughly grabbed Plaintiff Silver's left shoulder, without notice, rapidly and painfully pulled Silver's left shoulder backwards causing her to be injured and handcuffed her.

18. Silver screamed in pain "this is torture, this is excruciatingly painful, loosen these cuffs, I am totally nonviolent."

19. Silver continued screaming about the extreme pain and demanding that the cuffs be loosened or removed.

20. Someone cried out, "Don't you have mothers?, These are old ladies".

21. After cuffing her right wrist to her left wrist Kirmiss ordered Officer Felix to take Silver, and Felix took the arrest.

22. Felix and another officer guided Silver through the crowd on the sidewalk, several blocks south on 5th Avenue as she continued to scream about the terrible pain she was in.

23. The officers ignored her pleas for help as she was repeatedly saying, "this is torture, arrest me but why torture me?"

24. Silver was put into the van with three male officers as she was driven downtown continually screaming and crying in pain about the cuffs, and with no one loosening the cuffs causing her to be in pain.

25. After an extended period of time, the entirety of which Silver was in handcuffs, they arrived downtown.

26. When the cuffs were finally removed the damage to her wrists was visible.

27. Silver's right wrist was bleeding and her left wrist had deep indentations and the entire hand was numb.

28. Since the incident Ms. Silver has been treating for numerous physical injuries, to her back, shoulder, wrist and arms due to the rough treatment she endured.

29. Ms. Silver was charged by Defendant Felix with two counts of disorderly conduct and when she appeared in court on October 25, 2024 the charges were dismissed.

30. At the same time as Ms. Silver was initially being manhandled, 80 year old Pura Barakas was forcefully pulled out of her chair, and for no legitimate law enforcement purpose, she was intentionally dropped to the ground.

31. Ms. Barakas was in severe pain and has been to the current date experiencing pain due to her mistreatment and is currently seeing a doctor for her injuries.

**AS AND FOR A FIRST CAUSE OF ACTION
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF UNREASONABLE AND EXCESSIVE FORCE AGAINST
THE INDIVIDUAL DEFENDANTS**

32. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

33. Plaintiffs' rights have been violated pursuant to the Fourth Amendment to the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that Plaintiffs, two mature women, were subjected to the sadistic, and totally unnecessary, use of excessive force by the Defendants.

34. At no time did Plaintiffs pose any threat to the safety of the officers or the public, nor did they engage in any behavior that would warrant the use of any force, much less the use of the degree of force they employed against two women of advanced age.

35. As a result, both Plaintiffs received injuries, and they have and will continue to receive medical treatment.

36. By reason of the aforesaid, the Plaintiffs have been damaged in a sum of not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS each; Plaintiffs are entitled to awards of punitive damages; and an award of attorneys' fees and costs is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF
### NYC ADMINISTRATIVE CODE § 8-803 (a & b) via
### THE USE OF EXCESSIVE AND UNREASONABLE FORCE
### AGAINST ALL THE DEFENDANTS

37. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

38. Defendants used excessive and unreasonable force against Plaintiffs, two mature women, in violation of their rights as afforded pursuant to NYC Administrative Code § 8-803(a & b).

39. At no time did Plaintiffs pose any threat to the safety of the officers or the public, nor did they engage in any behavior that would warrant the use of any force, much less the use of the degree of force they employed against mature women.

40. As a result, both Plaintiffs received injuries, and they have and will continue to receive medical treatment.

41. By reason of the aforesaid, the Plaintiffs have been damaged in a sum of not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, each; Plaintiffs are entitled to awards of punitive damages (against the individual Defendants only); and an award of attorneys' fees and costs is appropriate pursuant to New York City Administrative Code §8-502(a & g).

**AS AND FOR A THIRD CAUSE OF ACTION
VIOLATION OF NYC ADMINISTRATIVE CODE § 8-803 (a & b)
and via 42 U.S.C. § 1983
DUE TO THE DEFENDANTS' FAILURE TO INTERVENE
IN FAILING TO PREVENT THE
CONTINUED HARM TO PLAINTIFF SILVER
VIA HER OVERLY TIGHTENED HANDCUFFS AND THE USE OF EXCESSIVE
FORCE AGAINST BOTH PLAINTIFFS**

42. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

43. Plaintiffs' rights have been violated via the failure of the Defendants to intervene to prevent the use of excessive force against both Plaintiffs, and by failing to address the pain inflicted by the overly tightened handcuffs on Plaintiff Silver.

44. Defendants had a reasonable opportunity to prevent the harms and further harms, from being inflicted upon the Plaintiffs and failed to do so, resulting in both Plaintiffs incurring injuries.

45. As a result, both Plaintiffs received injuries, and they have and will continue to receive

medical treatment.

46. By reason of the aforesaid, the Plaintiffs have been damaged in a sum of not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, each; Plaintiffs are entitled to awards of punitive damages (against the individual Defendants only); and an award of attorneys' fees and costs is appropriate pursuant to 42 U.S.C. §1988 and New York City Administrative Code §8-502(a & g).

**WHEREFORE**, Plaintiffs demand judgment against the Defendants and each of them, as follows:

1. Declaratory relief finding that Plaintiffs' rights under the United States Constitution and pursuant to the Administrative Code of the City of New York were violated;

2. Compensatory damages to Plaintiffs in the sum of not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, each;

3. By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual Defendants in an amount to be determined by the trier of fact;

4. An award to Plaintiffs of the costs and disbursements herein;

5. An award of attorneys' fees and costs pursuant to 42 U.S.C. §1988 for Plaintiffs' federal causes of action; and, an award of attorneys' fees and costs is appropriate pursuant to New York City Administrative Code §8-502(a & g).

6. A trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
December 14, 2024

                                                        /s/
FRED LICHTMACHER FL-5341
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiffs
159 West 25 Street Room 510
New York, New York 10011
(212) 922-9066
empirestatt@aol.com

To     Allen J Kirmiss
        Midtown North Precinct
        306 W 54th Street
        New York, NY 10019

To     The City of New York,
        NYC Corporation Counsel
        100 Church Street
        New York, New York 10007

To     Police Officer Felix L
        44th Precinct
        2 E 169th Street
        Bronx, NY 10452